*85 ON APPLICATION FOR REHEARING
PER CURIAM.
Appellants’ application for rehearing is a provocative pleading. We have given much consideration to the points raised in it. It correctly defines the basis upon which we reached our conclusion and levels a well-reasoned attack thereupon. Yet, we believe that the test of reasonableness which is specifically incorporated into the enabling statute and the conscientious application of that test- by the district court were sufficient, in this case, to hold in favor of constitutionality.
In LSA-R.S. 33:52 (the enabling statute, Act 240 of 1964) the legislature has done more than simply recognize the right of the appellants to seek judicial determination of the fact that all technical requirements for incorporation have been met. It has delegated to the district court the right and duty to make the reasonableness inquiry before the incorporation can, in fact, take place. In effect, it has delegated its power to incorporate to 25 percent of the citizens of the unborn village and the district court with respect to its decision as to reasonableness of such incorporation after a full evi-dentiary hearing on that specific issue. Taken together, we believe that constitutionality exists.
We do not believe that the legislature is constitutionally compelled to frame an enabling statute so that the ultimate incident of incorporation is totally dependent on the affirmative vote of a majority of the affected villagers. Thus, a delegation to a stated percentage of the proposed villagers plus the reasonableness inquiry and ultimate determination thereof by the district court can be, and in this case is, sufficient to uphold the constitutionality of the statute.
The application for rehearing is denied.
Rehearing denied.